IN THE CIRCUIT COURT OF MCDOWELL COUNTY, WEST VIRGINIA

JOSEPH ANDREW PACK, SR.,

    Plaintiff,

v.                                    CIVIL ACTION NO.: 18-C-100

COBALT COAL CORP., MINING, INC.;
WESTCHESTER COAL LIMITED
PARTNERSHIP; WF COAL SALES, INC.;
PURE ENERGY COAL, LLC; and McCLAY
ENERGY, INC.;

    Defendants.

To the above-named defendant:

Pure Energy Coal, LLC
2810 Yonkers Road, Ste. 2A
Raleigh, NC 27604

## AMENDED SUMMONS

    IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned and required to serve upon **STEPHEN P. NEW, ATTORNEY AT LAW**, Plaintiff's attorney, whose address is **P.O. BOX 5516, Beckley, WV 25801**, an answer, including any related counterclaim you may have, to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **30 days** after service of this summons upon you exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above styled civil action.

Dated: December 12, 2019

                                                                   Clerk of the Court:

                                                                   By:

## IN THE CIRCUIT COURT OF MCDOWELL COUNTY, WEST VIRGINIA

**JOSEPH ANDREW PACK, SR.,**

    **Plaintiff,**

v.                                        CIVIL ACTION NO.: 18-C-100

**COBALT COAL CORP., MINING, INC.;**
**WESTCHESTER COAL LIMITED**
**PARTNERSHIP; WF COAL SALES, INC.;**
**PURE ENERGY COAL, LLC; and McCLAY**
**ENERGY, INC.;**

    **Defendants.**

## COMPLAINT

COMES NOW Plaintiff Joseph Andrew Pack, Sr., by undersigned counsel, as a creditor as to Defendants Cobalt Coal Corp., Mining, Inc., and Westchester Coal Limited Partnership, and for his Complaint against Defendants Cobalt Coal Corp. Mining, Inc.; Westchester Coal Limited Partnership; WF Coal Sales, Inc.; Pure Energy Coal, LLC; and McClay Energy, Inc. [hereinafter sometimes collectively referred to as "Defendants"] states as follows:

### PARTIES

1. Plaintiff Joseph Andrew Pack, Sr., is a resident of McDowell County, West Virginia, who at all times relevant hereto was a judgment creditor as to Defendants Cobalt Coal Corp., Mining, Inc., and Westchester Coal Limited Partnership.

2. Defendant Cobalt Coal Corp., Mining, Inc., is a foreign corporation that at all times relevant hereto was a debtor as defined by W.Va. Code § 40-1a-1(f) as the result of a judgment entered by The Circuit Court of McDowell County, West Virginia in Civil Action No. 13-C-2-M and properly recorded.

3. Defendant Westchester Coal Limited Partnership is a foreign corporation that at all times relevant hereto was a debtor as defined by W.Va. Code § 40-1a-1(f) as the result of a judgment entered by The Circuit Court of McDowell County, West Virginia in Civil Action No. 13-C-2M and properly recorded.

4. Defendant WF Coal Sales, Inc., is a foreign corporation that at all times relevant hereto was the subject of a properly issued suggestion and injunction issues by The Circuit Court of McDowell County, West Virginia, in Civil Action No. 13-C-3M.

5. Defendant WF Coal Sales, Inc., was previously the Operator for Mine ID 4609188 previously operated by Cobalt Coal Corp. Mining, Inc., at the time of Plaintiff's injury made the subject of Civil Action No. 13-C-3M.

6. Defendant Pure Energy Coal, LLC, is a foreign corporation and was previously and is currently the Operator for Mine ID 4609188, previously operated by Cobalt Coal Corp Mining, Inc., at the time of Plaintiff's injury made the subject of Civil Action No. 13-C-M.

7. Defendant McClay Energy, Inc., is a foreign corporation that at times relevant hereto was the Operator for Mine ID 4609188 previously operated by Cobalt Coal Corp. Mining, Inc., at the time of Plaintiff's injury made the subject of Civil Action No. 13-C-3M.

## JURISDICTION AND VENUE

8. Jurisdiction and venue are proper in The Circuit Court of McDowell County West Virginia.

## FACTUAL AND PROCEDURAL HISTORY

9. Plaintiff incorporates herein by reference all preceding paragraphs of the Complaint as if set forth fully herein verbatim.

10. Plaintiff was injured in the course of and resulting from his employment on July 17, 2011.

11. As a result of his injury, Plaintiff required three surgeries on his right hand, including amputation of his middle finger on his right, dominant hand.

12. Plaintiff, further, endured pain and suffering as a result of his injuries and subsequent medical treatment.

13. Plaintiff's injuries are permanent in nature.

14. On October 30, 2013, the Circuit Court of McDowell County, Judge Rudolph J. Mureknsky, entered an Order Awarding Damages of $351,702.89 plus $9,065.00 in pre-judgment interest, and interest going into the future against Defendants Cobalt and Westchester based upon finding the foregoing facts to be established and true.

15. On January 15, 2014, Plaintiff properly recorded his judgment.

16. Thereafter, pursuant to W.Va. Code § 38-4-1 *et seq.*, Plaintiff issued a Writ of Execution, also known as a writ of fieri facias, to the Sheriff of McDowell County.

17. The writ commanded the officer to make the money mentioned out of the personal property, goods, chatttels, current money, bank notes, stamps, certificates of stock, negotiable warehouse receipts, negotiable instruments, or any other negotiable evidence of indebtedness calling for a liquidated sum of money belonging to either Westchester or Cobalt.

18. Subsequently, Defendant Cobalt filed for bankruptcy.

19. By Order of the Circuit Court of McDowell County:

   a. This matter is stayed with regard to Defendant Cobalt as a result of the pending bankruptcy action.

   b. Defendant WF Coal Sales, as well as other entities "in active concert or participation with Defendant Westchester, who received actual notice of Plaintiff's Motion, are hereby enjoined from selling and/or operating the

personal property and/or equipment and coal mine without first paying the debt owed to Plaintiff for his judgment which has been levied on said property."

  c. Upon Plaintiffs proper service of a Suggestion on Defendant WF Coal Sales, it is Ordered that WF Coal Sales pay any monies due and owing to Westchester and/or Cobalt to Plaintiff directly unless and until Plaintiff's judgment has been satisfied in full.

  d. In the alternative, that if defendants operate and/or sell the equipment and refused to pay Plaintiff the reasonable value of the personal property in question the defendants be made to immediately bring the personal property and/or the equipment in question to the surface so that Plaintiff may remove and sell the equipment in accordance with West Virginia law for the purpose of satisfying his judgment against the owners of the equipment.

20. At all times relevant hereto, a public and recorded record of Plaintiff's judgment and the related rulings of this Court were available.

21. Defendants in this action are owners, operators, manages, and/or predecessors in interest of Mine ID 4609188, currently named "Pure Energy No. 1."

22. Upon information and belief, Defendants have engaged in a scheme, pattern, and practice of transferring assets and property subject to Plaintiff's judgment so as to avoid collection of the judgment.

23. Plaintiff discovered this pattern and practice upon transfer of the operation of the mine from Pure Energy Coal, LLC, in 2017 to WF Coal Sales, Inc., which then transferred operation back to Pure Energy Coal, LLC in 2018, giving rise to Plaintiff's claims as set forth herein.

### VIOLATION OF W.Va. CODE § 40-1A-1, *et seq.*

24. Plaintiff incorporates herein by reference all preceding paragraphs of the Complaint as if set forth fully herein verbatim.

25. Plaintiff is a creditor within the definition of W.Va. Code § 40-1A-1(d).

26. Plaintiff holds a valid lien within the meaning of W.Va. Code § 40-1A-1(m).

27. Defendants are debtors, insiders, and/or affiliates within the meaning of W.Va. Code § 40-1A-1.

28. Defendants have engaged in transfers in violation of W.Va. Code § 40-1A-4.

29. Specifically, Defendants have made transfers with the actual intent to hinder, delay, or defraud Plaintiff.

## JOINT VENTURE

30. Plaintiff incorporates herein by reference all preceding paragraphs of his complaint as if set forth fully herein verbatim.

31. By their conduct, Defendants and/or their predecessors, successors, agents, assigns, officers, directors, principals, shareholders, partners, limited partners, joint ventures, parent organizations, subsidiaries, and/or other related companies, organizations, and entities formed and/or joined into a joint venture by association to and carrying out a single business enterprise for profit, which include operation, ownership, management and/or maintenance of Mine ID 4609188.

32. In furtherance of their joint venture, Defendants and their predecessors, successors, agents, assigns, officers, directors, principals, shareholders, partners, limited partners, joint ventures, parent organizations, subsidiaries, and/or other related companies, organizations, and entities combined the property, money, effect, kill, tenants, and knowledge.

33. As a result of the foregoing joint venture, all members of the joint venture are liable and responsible for the statutory violations alleged herein resulting in the unlawful transfer of funds due and owing to Plaintiff as a judgment debtor.

34. As a result of the unlawful actions of Defendants as set forth herein, Plaintiff has and continues to incur damages, inclusive of his unpaid judgment debt and interest thereon.

35. Plaintiff is entitled to punitive damages.

## CIVIL CONSPIRACY

36. Plaintiff incorporates herein by reference all preceding paragraphs of the Complaint as if set forth fully herein verbatim.

37. By their conduct, Defendants have acted together to carry out the unlawful conduct set forth herein.

## PIERCING OF LIMITED PARTNERSHIP AND CORPORATE VEILS OF COBALT AND WESTCHESTER ALTER EGO, INSTRUMENTALITY AND SINGLE ECONOMIC ENTERPRISE

38. Plaintiff incorporates herein by reference all preceding paragraphs of the Complaint as if set forth full herein verbatim.

39. Defendants comingled funds, assets and liabilities with each other and with other Westchester and/or Cobalt companies and/or principals, officers, and directors; diverted assets to one another or other Westchester and/or Cobalt companies; failed to maintain limited partnership and/or corporate minutes or adequate records; had the same or common ownership interests, directors and officers; failed to adequately capitalized the entities for the reasonable risks of the specific business undertaking; disregarding formalities; failed to maintain proper arm's length transactions among related entities; engaged in *ulra vires* conduct; conducted business as the instrumentality of and under the control of other Westchester and/or Cobalt companies; conducted business as a single economic enterprise; conducted business as the alter ego of one another; and/or otherwise conducted business in a manner justifying piercing the limited partnership and corporate veils and/or holding the said Defendants liable and responsible for the conduct, acts, omissions, judgments, and debts described herein.

40. As a result of the foregoing, the officers, directors, shareholders, principals, advisors, partners, and limited partners of the Westchester and/or Cobalt entities are liable and

responsible for the acts, omissions, judgments, and/or debts described herein, and are also liable for the wrongful, willful, wanton, and reckless conduct set forth herein and resulting in the failure to pay Plaintiff his judgment debt due and owing to him.

41. Plaintiff is entitled to collect the amount of his judgment debt, as well as any other and further amounts permitted under West Virginia law.

## UNJUST ENRICHMENT

42. Plaintiff incorporates herein by reference all preceding paragraphs of the Complaint as if set forth fully herein verbatim.

43. Defendants have received and retained monies and benefits which are due and owing to Plaintiff to satisfy the judgment due and owing to him.

44. It is inequitable and unconscionable to permit Defendants to receive funds to avoid payment of Plaintiff's judgment debt.

45. The law requires all Defendants hereto to pay funds to satisfy Plaintiff's judgment debt.

## INJUNCTIVE RELIEF

46. Plaintiff incorporates herein by reference all preceding paragraphs of the Complaint as if set forth full herein verbatim.

47. Plaintiff is likely to succeed on the merits of the claims set forth herein.

48. Defendants will suffer no harm if they are prohibited form sale or use of personal property which is the subject of Plaintiff's judgment.

49. There is a strong public interest in preventing the sale and use of personal property for financial gain which should be properly used to satisfy a properly entered and recorded judgment.

50. Notice of these claims are being provided to all parties in this matter by service of this Complaint.

WHEREFORE, Plaintiff Joseph A. Pack hereby respectfully requests that this Honorable Court grant judgment in his favor by awarding payment of his judgment debt jointly and severally by Defendants and for all such other and further relief to which Plaintiff is entitled.

A trial by jury is hereby demanded.

JOSEPH A. PACK,

By Counsel

*/s/ Amanda J. Taylor*

Stephen P. New (WVSB#7756)
Amanda J. Taylor (WVSB#11635)
The Law Office of Stephen P. New
114 Main Street
Beckley, WV 25801
304.250.6017 (phone)
304.250.6012 (facsimile)